IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN THE MATTER OF: | ) | CASE NO. BK06-81003 |
|---|---|---|
|  | ) |  |
| HEIDI LERDAHL, | ) | CH. 13 |
|  | ) |  |
| Debtor(s). | ) |  |

ORDER

Hearing was held in Omaha, Nebraska, on February 5, 2007, regarding Filing No. 42, Objection to Claim of T. Lerdahl, filed by the debtor, and Filing No. 44, Resistance, filed by Timothy J. Lerdahl. Richard Johnson appeared for the debtor and Michael Matukewicz and Jason Fendrick appeared for Timothy Lerdahl.

In May of 2006, the debtor's marriage to Timothy Lerdahl was dissolved by a Decree of Dissolution of Marriage entered by the District Court of Douglas County, Nebraska. The decree referred to and incorporated in it the parties' Property Settlement and Child Custody Agreement ("Agreement"). In the Agreement, the debtor agreed to pay and hold Mr. Lerdahl harmless for the following debts:

| Creditor | Amount |
|---|---|
| Premier Line Overdraft (U.S. Bank) | $ 9,415.56 |
| Reserve Line (U.S. Bank) | 9,754.83 |
| 401K Loan | 8,700.00 |
| 401K Loan | 17,700.00 |
| Sam's Club | 2,000.00 |
| Total | $47,570.39 |

Following the entry of the decree, on July 12, 2006, Ms. Lerdahl filed this Chapter 13 case. In her initial schedules and matrix, she did not list Mr. Lerdahl as a creditor. Presumably, therefore, he did not receive notice of the case.

Upon the filing of an amended plan on August 31, 2006, the debtor did amend the matrix and listed Mr. Lerdahl, U.S. Bank, and Sam's Club. Since that date, the debtor has filed an amended plan on October 15, 2006, and an amended plan on December 18, 2006. The schedules have not been amended to show the manner in which the debtor proposes to treat the debt, if any, to Mr. Lerdahl.

Mr. Lerdahl filed a secured claim for the full amount of the obligations listed in the decree. The debtor has objected to the secured status of the claim and asserts that the claim is totally unsecured.

The debtor has made no payments on any of the obligations she agreed to pay in the above-referenced portion of the decree. She indicated, through counsel, at the hearing on the objection to the claim that she will treat the 401(k) loans as distributions and will pay the tax and penalty incurred as a result. That being the case, Mr. Lerdahl has no reason to believe that he will be called upon to make any payments on the 401(k) loans.

The issue, then, is whether the obligation to pay and hold Mr. Lerdahl harmless for the two U.S. Bank debts and the Sam's Club debt constitutes a secured claim for bankruptcy purposes. Referring to Nebraska statutory authority, Mr. Lerdahl takes the position that the payment obligation agreed to by Ms. Lerdahl in the decree creates the equivalent of a judgment which is a lien against any real or personal property that she owns and that is registered with a Douglas County office. Since she received the residence in the dissolution action, with equity of approximately $30,000, Mr. Lerdahl claims a lien to the extent of the equity in the property.

As support for his position, he cites Neb. Rev. Stat. § 42-366(5), Neb. Rev. Stat. § 42-371(1), and Neb. Rev. Stat. § 25-1504. Section 42-366 entitled "Property settlements; effect; enforcement; modification" provides, at paragraph (5): "Terms of the agreement set forth in the decree may be enforced by all remedies available for the enforcement of a judgment, including contempt."

Section 42-371(1) provides, in relevant part:

> All judgments and orders for payment of money shall be liens, as in other actions, upon real property and any personal property registered with any county office and may be enforced or collected by execution and the means authorized for collection of money judgments.

Section 25-1504 provides:

> The lands and tenements of the debtor within the county where the judgment is entered, shall be bound for the satisfaction thereof only from the day on which such judgments are rendered. . . . *Provided*, that a judgment shall be considered as rendered when such judgment has been entered on the judgment record.

The portion of the Agreement dealing with the obligation to pay the specified debts and hold Mr. Lerdahl harmless, although incorporated into the Decree of Dissolution of Marriage, is not a judgment or order for payment of money to Mr. Lerdahl. In the Agreement, the debtor did not agree to pay to her former spouse any of the amounts listed. Instead, she agreed to pay those amounts directly to the creditors. Had she not filed bankruptcy, he could enforce her promise to pay the debt only by paying it himself and then returning either to the court that entered the dissolution of marriage decree or to another court of competent jurisdiction to enforce the agreement and obtain a judgment against her. At this point, when he has paid no more than $250 upon the request of one of the creditors, his only monetary claim against her is for that amount. Since that amount has not been reduced to judgment, it is not a lien against the real estate owned by her. In addition, the balance of the claim is contingent and must be disallowed under § 502(e)(1)(B). To paraphrase that section, the court shall disallow any claim for reimbursement to a co-debtor if such claim is contingent.

The objection to claim is granted. The claim of Mr. Lerdahl for the $250 that he has paid

is a general unsecured claim.  The claim of Mr. Lerdahl for the balance of the amount he may be required to pay in the future is an unsecured contingent claim.  It is possible, though not probable, that none of the creditors will pursue him.  If no creditors pursue him, he will not have been harmed, and the hold-harmless clause and the promise by her to pay will not need to be forced by any court. See Anderson v. Anderson (In re Anderson), 62 B.R. 448, 458 (Bankr. D. Minn. 1986) (indemnification obligation in divorce decree's hold-harmless clause would arise only if debtor failed to timely pay those creditors; until then, debtor's liability to former spouse is unmatured and contingent).

Mr. Lerdahl has not objected to the plan currently before the court or to any other plan that has been filed.  That failure to object may be as a result of his belief that he had a secured claim that had not been dealt with in the plan.  Arguably, secured claims that are not dealt with in a plan pass through bankruptcy unaffected and are enforceable when the bankruptcy is complete. However, by this order, he has been denied a secured claim.  Therefore, he should be granted an opportunity to file an objection to a plan that does not propose to pay the obligations the debtor agreed to pay and does not propose to protect his interest if he is required to pay those obligations, or any part thereof.  Mr. Lerdahl is granted until March 1, 2007, to object to the current plan on whatever basis he believes is appropriate.  The matter will then be set for hearing and discussed in the context of an objection to plan, rather than in the context of an objection to claim.

IT IS ORDERED that:

1.  The Objection to Claim, Filing No. 42, is granted;

2.  Timothy Lerdahl is granted until March 1, 2007, to object to the current Chapter 13 plan.

DATED this 13th day of February ,2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Richard Johnson
    Michael Matukewicz
    Jason Fendrick
    Kathleen Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.